UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DAMITA MEDINA,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

REGIONAL MANAGEMENT CORP.
979 Batesville Road, Suite B
Greer, South Carolina 29651

        Defendant

Case No. 19-cv-1564

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, Damita Medina, against Defendant, Regional Management Corp.

2. Plaintiff brings these FLSA claims and causes of action against Defendant on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former hourly-paid, non-exempt employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40)

hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes.

3. Plaintiff also brings these FLSA claims and causes of action against Defendant on behalf of herself for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, during Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for any and all hours worked and work performed each work day and each workweek – including but not limited to compensable work performed "off-the-clock" on behalf of Defendant, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction – without receiving any wages or compensation for said hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4. Defendant's deliberate failure to compensate Plaintiff and all other hourly-paid, non-exempt employees for hours worked in such a fashion as described herein violated federal law as set forth in the FLSA.

## **JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

7. Plaintiff, Damita Medina, is an adult female resident of the State of Wisconsin with a post office address of 10554 West Cortez Circle, Apartment 12, Franklin, Wisconsin 53132.

8. Defendant, Regional Management Corp., was, at all material times herein, a South Carolina entity doing business in the State of Wisconsin with a principal address of 979 Batesville Road, Suite B, Greer, South Carolina 29651.

9. Defendant is a consumer finance company.

10. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed over three hundred and fifty (350) branch locations in approximately eleven (11) States across the United States, including in the State of Alabama, Georgia, Missouri, New Mexico, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and Wisconsin.

11. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did business as and/or operated under the name "Regional Finance."

12. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt employee at Defendant's West Allis, Wisconsin branch location, located at 1524 South 108th Street, West Allis, Wisconsin 53214.

13. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

17. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

18. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint.

19. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees employed by Defendant who were subjected to Defendant's same unlawful policies as enumerated herein.

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's branch locations throughout the United States in hourly-paid, non-exempt job positions, including but not limited to the positions of Assistant Manager and Account Executive.

21. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt employees.

23. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

24. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

25. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

26. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

27. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all work performed and remuneration earned, including

with forms of compensation in addition to regular and/or hourly wages, such as monetary bonuses, commissions, incentives, and/or other rewards and payments..

28. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had a centralized system for maintaining employment records and other documentation and identifying information regarding Plaintiff and all other hourly-paid, non-exempt employees.

29. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

## FLSA COLLETIVE ALLEGATIONS

30. In approximately April 2019, Defendant hired Plaintiff into the position of Assistant Manager at its West Allis, Wisconsin branch location.

31. During Plaintiff's employment with Defendant, Plaintiff reported directly to Brian Grabow, Branch Manager, who reported directly to Trenton Cheney, District Manager, who reported directly to Daniel Olson, Vice President of Operations.

32. During Plaintiff's employment with Defendant, Grabow, Cheney, and Olson were employees of Defendant.

33. During Plaintiff's employment with Defendant, Grabow and Cheney established and determined Plaintiff's daily work schedule(s) and hours of work.

34. During Plaintiff's employment with Defendant, Grabow and Cheney assigned tasks and projects to Plaintiff and for Plaintiff to complete each work day and each workweek, including compiling and filing paperwork, data entry, and other consumer loan-related tasks and assignments, at Defendant's West Allis, Wisconsin branch location.

35. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at Defendant's West Allis, Wisconsin branch location.

36. As of the filing of this Complaint, ECF No. 1, Plaintiff is still currently employed by Defendant

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees worked at branch locations in the State of Wisconsin and throughout the United States that were owned, operated, and managed by Defendant.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were employed in hourly-paid, non-exempt job positions, including but not limited to the positions of Assistant Manager and Account Executive.

39. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were employed in hourly-paid, non-exempt job positions as part of Defendant's consumer lending process.

40. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

41. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

42. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant electronically tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

43. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

44. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA purposes was Saturday through Friday.

45. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's uniform and unlawful policy, practice, custom, and/or scheme as applied to Plaintiff and all other hourly-paid, non-exempt employees failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and all other hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA.

46. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

47. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

48. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

49. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

**PLAINTIFF'S "OFF-THE-CLOCK" WORK & DEFENDANT'S TIMESHAVING**

50. During Plaintiff's employment with Defendant, Plaintiff recorded her hours worked each work day and each workweek via Defendant's centralized electronic timekeeping system.

51. During Plaintiff's employment with Defendant, Plaintiff regularly performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction – particularly at Grabow's direction and/or with Grabow's knowledge – "off-the-clock," which customarily occurred before and/or after normal business hours and/or on weekends.

52. During Plaintiff's employment with Defendant, Plaintiff regularly performed at least two (2) to five (5) hours of work per workweek "off-the-clock," which customarily occurred before and/or after normal business hours and/or on weekends, on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's.

53. During Plaintiff's employment with Defendant and on numerous work days throughout any given workweek, Grabow routinely directed Plaintiff to perform work "off-the-clock" by instructing Plaintiff to "clock out" via Defendant's electronic timekeeping system at the end of her normal or customary daily shift and continuing working on tasks and assignments, such as compiling and filing paperwork, data entry, and all other consumer loan-related tasks and assignments, at Defendant's West Allis, Wisconsin branch location until said tasks and assignments were completed.

54. During Plaintiff's employment with Defendant and on numerous work days throughout any given workweek, Plaintiff stayed "clocked in" via Defendant's electronic timekeeping system at the end of her normal or customary daily shift and continued working on tasks and assignments, such as compiling and filing paperwork, data entry, and all other consumer loan-related tasks and assignments, at Defendant's West Allis, Wisconsin branch location until said tasks and assignments were completed. On these occasions, Grabow changed or edited Plaintiff's daily and weekly timesheets to indicate an "end time" that corresponded to the end of Plaintiff's normal or customary daily shift, as opposed to when Plaintiff's actual hours worked or work performed ended on that particular work day or throughout that particular workweek.

55. During Plaintiff's employment with Defendant, Plaintiff's hours worked and work performed "off-the-clock" and while "clocked in" but subsequent to the end of Plaintiff's normal or customary daily shift as noted in the previous paragraphs were integral and indispensable parts of Plaintiff's principal activities of her Assistant Manager position.

56. During Plaintiff's employment with Defendant, Plaintiff's hours worked and work performed "off-the-clock" and while "clocked in" but subsequent to the end of Plaintiff's normal or customary daily shift as noted in the previous paragraphs were in furtherance of the job duties and job responsibilities of her Assistant Manager position.

57. During Plaintiff's employment with Defendant, Plaintiff's hours worked and work performed "off-the-clock" and while "clocked in" but subsequent to the end of Plaintiff's normal or customary daily shift as noted in the previous paragraphs were frequently and regularly in excess forty (40) in a workweek.

58. During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff for all hours worked and work performed "off-the-clock" and while "clocked in" but subsequent to the end of Plaintiff's normal or customary daily shift as noted in the previous paragraphs during each workweek, including but not limited to at an overtime rate of pay.

59. During Plaintiff's employment with Defendant, Defendant was or should have been aware that it did not properly and lawfully compensate Plaintiff at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

60. Defendant owes Plaintiff compensation in the form of unpaid overtime wages, liquidated damages, and attorneys' fees and costs in amounts that remain to be determined.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

61. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

62. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

63. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

64. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other current and former hourly-paid, non-exempt employees with, in addition to hourly or regular rate(s) of pay, other forms of compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a weekly, monthly, quarterly, and/or annual basis.

65. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary payments or compensation that Defendant provided to Plaintiff and all other current and former hourly-paid, non-exempt employees were non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former hourly-paid, non-exempt employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

66. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices and compensation system failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation and compensation purposes.

67. Defendant's deliberate failure to properly compensate its hourly-paid, non-exempt employees in such a fashion as described in the aforementioned paragraph violated federal law as set forth in the FLSA.

68. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include the aforementioned forms of non-discretionary compensation in Plaintiff's and all other current and former hourly-paid, non-exempt employees' regular rates of pay when determining overtime compensation due to them during workweeks when said employees worked more than forty (40) hours during the representative time period.

69. Defendant's unlawful practice as it relates to non-discretionary compensation described herein failed to compensate and deprived Plaintiff and all other current and former hourly-paid, non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

70. Defendant, as a matter of practice, did not include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes. Thus, these practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

71. Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

72. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

73. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

74. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

75. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### Overtime Wages Owed
### (Plaintiff on behalf of herself and the FLSA Collective)

76. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

79. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

80. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

81. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

82. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek.

83. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

84. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

85. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

86. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### Overtime Wages Owed
### (Plaintiff, on behalf of herself)

89. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

90. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

91. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

92. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for any and all hours worked and work performed "off-the-clock" in excess of forty (40) in a workweek.

93. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for any and all hours worked and work performed each workweek by shaving time from Plaintiff's weekly timesheets for all hours worked and work performed as recorded, reflected, logged, and/or clocked via Defendant's electronic timekeeping system as described herein.

94. Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for any and all hours worked and work performed each workweek was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

95. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting these claims against Defendant.

96. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which Plaintiff was not paid pursuant to the rate provided by the FLSA;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

f) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of October, 2019

          WALCHESKE & LUZI, LLC
          Counsel for Plaintiff

          s/ ***Scott S. Luzi***_____
          James A. Walcheske, State Bar No. 1065635
          Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com