## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement And Release of FLSA Claims ("FLSA Agreement") is made by and between Regional Management Corp. and its affiliates and subsidiaries (collectively, "Employer" or "RMC") and Damita Medina, his/her heirs, executors, administrators, successors, and assigns (collectively, "Employee").

WHEREAS, Medina alleges that she was owed unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Medina and RMC wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Medina's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Medina acknowledges that the settlement reached herein is a fair and reasonable settlement of Medina' FLSA claims against RMC.

3. **RELEASE OF FLSA CLAIMS**.

   (a) This Agreement shall constitute a waiver and release of all claims Medina has or might have under the FLSA against RMC.

   (b) The Parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

   (c) Medina hereby knowingly and voluntarily releases RMC and each of its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Medina has or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by Medina of any claims other than her FLSA claims.

4. **CONSIDERATION**.

   (a) If: (1) Medina executes this Agreement; and (2) the Court approves this Agreement and dismisses this action with prejudice, then, in consideration of the matters set forth herein, RMC (or its designee) shall pay to Medina the gross total amount of One Thousand

**EXHIBIT A**

Five Hundred Dollars and No Cents ($1,500.00) (hereinafter the "Settlement Sum"), less applicable deductions as described below, within fifteen (15) days of the Order approving the Joint Motion for Approval of Settlement. Such Settlement Sum shall be allocated as follows:

- $1,500, made payable to Medina, as and for overtime compensation allegedly due to Medina pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Medina;

(b) Medina understands and acknowledges that she would not receive the payments specified in this paragraph except for Medina's execution of this Agreement, including the Release of FLSA Claims contained herein, and Medina's fulfillment of the promises contained herein.

(c) RMC makes no representation as to the taxability of the amounts paid to Medina. Medina agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Medina agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Medina or Medina's attorneys under the terms of this Agreement.

(d) Medina acknowledges that her attorney is being compensated through a separate Agreement and that she is waiving and releasing all claims that she has for her attorney's fees related to her FLSA claim.

5. **AFFIRMATIONS**.

(a) Medina affirms that, upon payment of the amounts set forth herein, Medina will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Medina's claims for overtime compensation under the FLSA.

(b) Medina affirms that, as of the date Medina signs this Agreement, Medina is not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and has not received Social Security Disability Insurance benefits for 24 months or longer). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Medina under this Agreement, Medina agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Medina. Medina agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Medina is required to indemnify Releasees under this paragraph. Further, Medina agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees or Medina of any liability, unlawful conduct of any kind or violation

2

by the Releasees or Medina. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**. Medina acknowledges that Medina is aware that she is giving up all FLSA claims she may have against the Releasees. Medina acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Medina acknowledges that she has consulted with her counsel-of-record, Scott S. Luzi, prior to executing this Agreement. Medina signs this Agreement voluntarily.

8. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Medina' FLSA claims.

9. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Wisconsin without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Eastern District of Wisconsin.

10. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Medina and RMC as to the settlement of Medina's FLSA claims. Medina acknowledges she has not relied on any representations, promises, or agreements of any kind made to Medina in connection with Medina's decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12. **MULTIPLE ORIGINALS**. This Agreement may be executed by facsimile and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

13. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, MEDINA FREELY AND KNOWINGLY AND**

AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS MEDINA HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

**EMPLOYEE**
Damita Medina

_____
Signature

_____
Print Name: Damita Medina

_____
Date: 2/25/20

**EMPLOYER**
Regional Management Corp.

_____
Signature

_____
Print Name: Peter Knitzer

_____
Title: President & CEO

_____
Date: 3/10/2020

4818-7716-1652, v. 1